UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA CULP,

    Plaintiff,

v.                                                    Case No. 1:11-cv-673
                                                         Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                        /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on July 18, 1977 (AR 184).[1] She completed two years of college (AR 195). Plaintiff alleged a disability onset date of February 1, 1999, which she later amended to March 10, 2007 (AR 39, 184). She had previous employment as follows: data entry, cashier, office assistant, collector, and transcriptionist (AR 190, 226). Plaintiff identified her disabling conditions as: Post Traumatic Stress Disorder (PTSD); neck tension; bipolar; borderline personality; fibromyalgia; migraines; and irritable bowel syndrome (AR 189). Plaintiff stated that the social anxiety and pain arising from these conditions limit her ability to work (AR 189).

The record reflects that plaintiff had previously filed an application for benefits in 2004, in which she alleged a disability onset date of February 1, 1999 (AR 78-89). After initial

---

[1] Citations to the administrative record will be referenced as (AR "page #").

denial of her claim, plaintiff had a hearing before an Administrative Law Judge (ALJ), who denied her claim in a decision entered on March 9, 2007 (AR 78-89). At that time, the ALJ found that plaintiff could perform her past relevant work as a cashier or bagger (AR 88). Plaintiff did not appeal this decision.

Plaintiff filed her present applications on October 2, 2007 (AR 184-97). Her claims were denied on March 19, 2008 (AR97-104). On May 6, 2010, an ALJ reviewed plaintiff's claims *de novo* and entered a decision denying benefits (AR 17-34). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not

undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

3

However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended onset date of March 10, 2007 and met the insured status requirements of the Social Security Act through December 31, 2010 (AR 17). At step two, the ALJ found that plaintiff suffered from severe impairments, namely: bi-polar disorder; PTSD; migraine headaches; cervical spondylosis; obesity; and irritable bowel syndrome (AR 17). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically Listings 1.04 (disorders of the spine), 12.04 (affective disorders) and 12.06 (anxiety-related disorders) (AR 18-20).

The ALJ decided at the fourth step that plaintiff has the residual functional capacity (RFC) to perform light work exertionally as defined in 20 CFR 404.1567(b) and 416.967(b):

> Light work involves frequently lifting and/or carrying 10 pounds; occasionally lifting and/or carrying 20 pounds; and standing/walking, for about 6 hours in an 8 hour workday. The claimant is further limited to work that involves: only occasional climbing of ramps and stairs, stooping, kneeling, crawling, balancing, and crouching; no climbing of ropes, ladders, or scaffolds; no exposure to work at unprotected heights or hazards; simple instructions; routine tasks; no interaction with the public; and only low stress work, defined as work with only occasional decision making.

(AR 21). The ALJ further found that plaintiff could not perform any of her past relevant work (AR 26).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the national economy (AR 27-28). Specifically, plaintiff could perform 13,700 jobs in the regional economy (defined as the state of Michigan) such as being a food preparation worker (1,500 jobs), a dishwasher (4,200 jobs), and a housekeeper (8,000 jobs). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 10, 2007 through the date of the decision (May 6, 2010) (AR 28).

### III. ANALYSIS

Plaintiff has raised two broad issues on appeal.

> **A. There is no substantial evidence to support the Commissioner's conclusion that the claimant is capable of engaging in substantial gainful activity.**
>
> **1. The ALJ's evaluation of plaintiff's mental condition**

Plaintiff contends that the ALJ failed to evaluate her psychiatric condition as required by 42 U.S.C. § 421(h), which provides that:

(h) Evaluation of mental impairments by qualified medical professionals

> An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a

>qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

§ 421(h).

Plaintiff points out that she underwent an psychological examination by J. Keith Ostien, Ph. D., on February 14, 2007 (AR 1119-22). Dr. Ostien found that plaintiff suffered from: bi-polar disorder, most recent episode depressed, severe, with intermittent psychotic features; PTSD; and borderline personality disorder (AR 1121). The record reflects that Bruce G. Douglass, Ph.D., prepared both a a psychiatric review technique form (PRTF) and a mental RFC assessment on behalf of the agency in March 2008 (AR 988-1005). The PRTF identified the presence of affective disorders (Listing 12.04) ("Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes) and anxiety-related disorders (Listing 12.06) (PTSD) (AR 992-1005). Dr. Douglass found that plaintiff suffered from either no limitations or moderate limitations and did not meet the criteria for either listed impairment (AR 1002-04). Dr. Douglass found that plaintiff had the following mental RFC:

>Cognition is adequate, but concentration [sic] will interfere in completion of complex/technical tasks. Social functioning is reduced. Self care and adaptation are grossly WNL. Claimant retains the capacity to learn , remember, understand, and perform simple, routine, 2-step tasks on a sustained basis.

(AR 990).

Plaintiff's counsel requested a consultative examination on January 27, 2010 (AR 1118). Plaintiff contends that despite her severe symptoms, defendant "failed to obtain any consultative examination of the claimant, or obtain any functional assessment of the claimant's abilities." Plaintiff's Brief at p. 11. Plaintiff's claim is without merit. The ALJ denied plaintiff's

request for a consultative examination because: plaintiff was receiving treatment; her mental impairments were "adequately documented" in the record; and doctors had reviewed her records and offered opinions on them (AR 26). In this regard, the court notes that the administrative record contains an extensive record of plaintiff's mental impairments consisting of at least 452 pages (AR 257-338, 380-432, 453-512, 545-612, 734-813, 868-961, 973-87). In addition, plaintiff is incorrect in her contention that the ALJ failed to obtain a functional assessment of her abilities. As discussed, *supra*, Dr. Douglass completed both a PRTF and a mental RFC assessment.

It is the claimant's burden to produce a complete medical record. *Landsaw v. Secretary of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). While an ALJ "has broad latitude in ordering a consultative examination," *Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir. 1990), the ALJ is not required to do so "unless the record establishes that such an examination is necessary to enable the [ALJ] to make the disability decision," *Landsaw v. Secretary of Health & Human Services*, 803 F.2d 211, 214 (6th Cir.1986) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir.1997). *See* 20 C.F.R. §§ 404.1517 and 416.917 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests"); 20 C.F.R. §§ 404.1519a(b) and 416.919a(b) ("A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim"). Given plaintiff's extensive record of treatment for her mental condition, Dr. Ostien's examination, and Dr. Douglas preparation of both a PRTF and mental RFC assessment, the ALJ could properly determine that it was not necessary to order a separate consultative examination.

7

### 2. Plaintiff's arguments regarding treating physicians and hypothetical questions posed to the vocational expert (VE)

Plaintiff's brief includes cryptic references to the deference which the ALJ should give to treating physicians, the requirement that a hypothetical question posed to VE must accurately portray the claimant's physical and mental condition, and a conclusory statement that "[t]here is no substantial evidence produced by the vocational questions posed [by the ALJ]." Plaintiff's Brief at pp. 12-13. Plaintiff's cursory arguments do not identify any particular treating physician's opinion which the ALJ failed to give deference. While plaintiff mentions testimony given by Ms. Judy Orta, a witness at plaintiff's hearing, the court notes that Ms. Orta is not a treating physician, but rather a "certified peer support specialist" and "housing specialist" working for a non-profit organization which provides alternative services to community mental health services (AR 61). The regulations require plaintiff to present evidence from acceptable medical sources, such as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists to establish whether he has a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a)(1) -(5) and 416.913(a)(1)-(5). Ms. Orta's opinions are not those of an acceptable medical source under 20 C.F.R. §§ 404.1513 and 416. 913. While her opinion can be considered as evidence from an "other" source, it is not entitled the weight given to the opinions of doctors. *See* 20 C.F.R. §§ 404.1513(d)(2), (3) and (4) and 416.913(d)(2), (3) and (4) (listing "other" non-medical sources, such as educational personnel, public and private social welfare agency personnel and caregivers).

Furthermore, while plaintiff contends that the hypothetical question was inaccurate and that "[t]he ALJ manufactured a hypothetical question that considers limitations that are nowhere identified in the record," she does not address any particular alleged inaccuracy in the hypothetical

questions posed by the ALJ. Plaintiff's Brief at p. 13. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems these arguments waived.

> **B.      The ALJ's failure to fully develop the record mandates a remand for evidence of residual functional capacity.**

Plaintiff contends that the ALJ's failure to obtain the requested consultative examination violated the ALJ's duty to make a "searching investigation of the record." Plaintiff's Brief at pp. 13-14. Plaintiff's contention is without merit. The agency regulations direct claimants to "furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis." 20 C.F.R. §§ 404.1512(a) and 416.912(a). However, the ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants which is triggered when three special circumstances exist: the claimant is without counsel; the claimant is not capable of presenting an effective case; and, the claimant is unfamiliar with hearing procedures. *See Wilson v. Commissioner of Social Security*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), citing *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir. 2002), citing *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986) and *Lashley*, 708 F.2d at 1051-52. When this special duty exists, the ALJ must "scrupulously and conscientiously" explore all of the facts relevant to the claims of the unrepresented claimant.

*Lashley*, 708 F.2d at 1051-52.  The ALJ's special duty was not triggered in this case, because plaintiff was represented by counsel at the administrative hearing (AR 34).  *See, e.g., Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 114 (6th Cir. 2003) (ALJ does not have a "special, heightened duty to develop the record" when the claimant is represented by counsel).  Accordingly, plaintiff's claim of error should be denied.

### IV.    Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be  **AFFIRMED**.


Dated:  June 15, 2012                                          /s/ Hugh W. Brenneman, Jr.
                                                                              HUGH W. BRENNEMAN, JR.
                                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).